UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| BOB BAFFERT, and BOB BAFFERT RACING STABLES, INC., <br> Plaintiffs, <br> vs. <br><br> CHURCHILL DOWNS, INC., WILLIAM C. CARSTANJEN, and R. ALEX RANKIN, <br> Defendants. | Case No. 22-cv-0123-RGJ |

**PLAINTIFFS' MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE**

Plaintiffs, Bob Baffert and Bob Baffert Racing Stable, Inc., by and through counsel, hereby submit this Motion to withdraw their Motion for a Preliminary Injunction without prejudice to refiling, pursuant to Fed. R. Civ. Pro. 11. Plaintiffs' counsel has met and conferred with Defendants' counsel, who have stated that they have no objection to Plaintiffs withdrawing the Motion for a Preliminary Injunction. [Ex. 1, Email from Tom Dupree].

Fed. R. Civ. Pro. 11 imposes a continuing duty to review and reevaluate a position "as the case develops." *Whittington v. Ohio River Co.*, 115 F.R.D. 201, 208 (E.D. Ky. 1987). Although Plaintiffs maintain that they have a strong likelihood of success on the merits and that the equities weigh in their favor, a necessary element of a preliminary injunction is that the harm alleged "must be both certain and immediate." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020). The nature of the harm alleged in the Complaint is wide-ranging, but the harm asserted in the Motion for a Preliminary Injunction focused almost entirely on the injuries to Plaintiffs' business operations related to the 148th Running of the Kentucky Derby on May 7.

After the stewards' ruling imposing a suspension against Mr. Baffert, counsel for Mr. Baffert applied to the Kentucky Horse Racing Commission (KHRC) for a stay of the suspension

1

pending the administrative appeal of that decision. Churchill Downs is not a named party to that administrative proceeding, which has solely to do with whether Mr. Baffert has committed any rules violations and the degree of any penalties that should be imposed. At this time, there are two suspensions for two different durations by two different entities: a ninety-day suspension with the KHRC (who grants the license to compete at racetracks in Kentucky) and a two-year suspension from CDI tracks (the racetracks themselves). Defendants' position appears to be that its two-year suspension is not contingent on the KHRC's determinations as to the existence of a violation or the duration of a penalty. Thus, Mr. Baffert's success with the KHRC proceedings or the completion of his suspension with that entity will not affect Defendants' suspension.

For the first time in its history for a case involving an alleged medication violation, the KHRC denied the request for a stay. [Ex. 2, Executive Director Guilfoil's Order; Ex. 3, KHRC Final Order Denying Stay]. After exhausting his administrative remedies, Mr. Baffert sought judicial relief in the Franklin County Circuit Court, which also denied Mr. Baffert's request for a stay. [Ex. 4, Franklin County Order]. Mr. Baffert turned to the Kentucky Court of Appeals to appeal the Circuit Court's order and to obtain emergency relief. On April 1, while the Motion for Preliminary Injunction in this Court was pending, the Court of Appeals denied Mr. Baffert's request for emergency relief. [Ex. 5, COA Opinion and Order]. The appeal of the Franklin County Circuit Court's order denying judicial relief is still pending before a panel of the Court of Appeals, but an order and opinion will likely not issue for several weeks. [Ex. 5, p. 29]. Final relief through the KHRC's administrative review process will likewise take months. Due to the Court of Appeals' ruling, Mr. Baffert's suspension with the KHRC begins today (April 4) and will continue through July 2, which is a period of time that includes the Kentucky Derby. [Ex. 4, p.19].

Because Plaintiffs could compete in the upcoming Kentucky Derby only if he could defeat the twin suspensions from *both* the Defendants and the KHRC, it is their counsels' judgment that the immediate exigency that would justify a preliminary injunction at *this* juncture has evaporated. At the time of filing the Motion for a Preliminary Injunction, counsel made a considered judgment about the likelihood of success on the stay proceedings on appeal given the unprecedented nature of such a sanction in the medication-violation context. Stays are normally granted as a matter of course, and it was undisputed that the KHRC had *never* denied a stay when the underlying allegation was a medication violation.[1] Although Mr. Baffert may yet prevail on that issue before the panel of the Court of Appeals, that relief, if granted, will now almost certainly come too late.

As for Mr. Baffert's other business operations, California reciprocated the KHRC's ruling, which required Mr. Baffert to disband his barn for the duration of the suspension. Owners were required to transfer their horses to others, which they have done. Under the terms of Defendants' eligibility rules, those horses should now be eligible to run under other trainers.

That said, Plaintiffs will be permitted to resume their business operations at the conclusion of the KHRC suspension in July. The effect that Defendants' suspension will have on Plaintiffs' resumed business operations is currently unclear. Owners will face the decision whether to resume their business relationships with Plaintiffs, considering that horses have only one opportunity to run in legendary races like the Kentucky Derby. (Eligibility in the Kentucky Derby is restricted by the age of the horse.) That factual situation is evolving, fluid, and has not been briefed. In light of that uncertainty, the full impact that Defendants' conduct will have on Plaintiffs' business operations when Plaintiffs are permitted to resume business operations is too speculative at this

---

[1] As stated in the Franklin County Circuit Court, "This is a matter of first impression. The Court and the parties are unaware of KRS 230.320(2)(f) [governing denials of stays] ever being exercised. There is a general consensus that the Executive Director and/or the KHRC have never denied a request for a stay for a violation." [Ex. 5, p.7].

time to support a preliminary injunction, and the needed clarity to support a preliminary injunction will likely not be had until well after the hearing date of April 15 or the upcoming Kentucky Derby. On the other hand, more than a year remains before Defendants' suspension expires.

Considering that the Motion for a Preliminary Injunction is not yet submitted to the Court until the conclusion of the hearing, Plaintiffs respectfully request to withdraw their Motion for a Preliminary Injunction without prejudice to refiling at a later date if necessary and as the factual situation develops, and to strike the hearing date. *See* Local Rule 7.1(g); *see also BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 264 (3d Cir. 2000) ("'[A] delay caused by a plaintiff's good faith efforts to investigate an infringement' or to determine how serious an infringement is does not preclude a finding of irreparable harm.") ((quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.,* 60 F.3d 27, 39 (2d Cir.1995)) (internal citations omitted).

        Respectfully submitted,

        */s/ Clark O. Brewster*
        **BREWSTER & DE ANGELIS, P.L.L.C.**
        Clark O. Brewster, OBA #1114
        Guy A. Fortney, OBA #17027
        Joseph C. De Angelis, OBA #34142
        2617 East 21st Street
        Tulsa, Oklahoma 74114
        (918) 742-2021 Office; (918) 742-2197 Fax
        cbrewster@brewsterlaw.com

        and

        **MILLER, GRIFFIN & MARKS, PSC**
        Michael D. Meuser
        Carroll M. Redford, III
        Elizabeth C. Woodford
        Security Trust Building
        271 W. Short Street, Suite 600
        Lexington, Kentucky, 40507 U.S.A.
        Phone: (859) 255-6676 Fax: (859) 259-1562
        mmeuser@kentuckylaw.com
        ***Attorneys for Plaintiffs***

## CERTIFICATE OF MAILING

The undersigned certifies that on this 4th day of April, 2022, a true and correct copy of the above and foregoing instrument was mailed and served via the ECF System to:

>Philip W. Collier
>Chadwick A. McTighe
>Jeffrey S. Moad
>STITES &HARBISON, PLLC
>400 W. Market Street, Ste. 1800
>Louisville, KY 40202
>Telephone: (502) 587-3400
>Email: pcollier@stites.com
>cmctighe@stites.com
>jmoad@stites.com


>Orin Snyder
>Matt Benjamin
>GIBSON, DUNN &CRUTCHER LLP
>200 Park Avenue
>New York, NY 10166
>Telephone: (212) 351-4000
>Email: OSnyder@gibsondunn.com
>MBenjamin@gibsondunn.com


>Thomas H. Dupree, Jr.
>GIBSON, DUNN &CRUTCHER LLP
>1050 Connecticut Avenue, NW
>Washington, DC 20036-5306
>Telephone: (202) 955-8500
>Email: TDupree@gibsondunn.com


>Christine Demana
>GIBSON, DUNN &CRUTCHER LLP
>2001 Ross Avenue, Suite 2100
>Dallas, TX 75201
>Telephone: (214) 698-3100
>Email: CDemana@gibsondunn.com
>***Counsel for Churchill Downs Incorporated,***
>***William C. Carstanjen, and R. Alex Rankin***