UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BOB BAFFERT, ET AL.                                                        Plaintiffs

v.                                                      Civil Action No. 3:22-CV-123-RGJ

CHURCHILL DOWNS, INC., ET AL.                                           Defendants

* * * * *

**MEMORANDUM OF HEARING AND ORDER**

The Court conducted an evidentiary hearing [DE 48] in this matter on February 2 and 3, 2023 on Plaintiffs' Renewed Motion for Preliminary Injunction [DE 41], with the following counsel participating:

| | |
|---|---|
| For Plaintiffs: | Clark O. Brewster, Joseph DeAngelis, and Carroll M. Redford III. |
| For Defendants: | Orin Snyder, Thomas Henderson Dupree, Jr., Christine Demana, |
| | Matthew Benjamin, Jeffrey S. Moad, and Chadwick A. McTighe. |

On January 31, 2023, Defendants filed a motion to allocate time during the evidentiary hearing. [DE 61]. The motion proposed that both sides would receive two hours each for opening statements, direct examination of witnesses, cross-examination of witnesses, and closing statements during the four hours allotted by the Court for the evidentiary hearing. On February 2, before the hearing began, the parties informed the Court that they had agreed to the proposed timing constraints and the order of witnesses provided in Defendants' motion. [DE 61]. The Court accepted the parties' agreement.

Plaintiffs began the hearing and exhausted their two hours with opening statements and without taking any witnesses. In accordance with the parties' agreement, the Court notified Plaintiffs once they had reached the two-hour mark. Defendants then began their presentation

with approximately a 30-minute opening statement followed by their first witness, Mr. William Farmer, who was unavailable to appear the following day.

The Court continued to hear sworn testimony from two Defense witnesses on February 3, Mr. Baffert and Mr. Michael Anderson.[1] Plaintiff's counsel presented only its examination of Mr. Baffert and withdrew its intent to take any additional witnesses. The Court then took the matter under submission.

The next morning, Monday, February 6, 2023, the Court was copied on an email exchange between the parties. Plaintiffs had inquired about *ex parte* communications between Defendants and the Court regarding the Court's determination of the order of the presentation of witnesses on February 3, indicating that Plaintiffs were "considering notifying the marshal's office for an inquiry." After Defendants objected, Plaintiffs ultimately accepted Defendants' representations that no *ex parte* communications occurred.

The Court has not engaged in *ex parte* communications with either side. The Court allowed witnesses in the order it deemed most appropriate after Plaintiffs failed to abide by the agreed terms. Plaintiffs' unsubstantiated claim that the Court engaged in improper *ex parte* communications is serious. Plaintiffs are warned that any future conduct implicitly threatening the Court, attempting to create or fabricate a situation suggesting recusal, or made for other advantage or litigation tactic will not be tolerated and may result in a show cause hearing and disciplinary action.

---

[1] Defendants had listed Mr. Baffert as a witness on their pre-hearing filings, however, Plaintiff's counsel objected to allowing Defendants to take his testimony first. While the Court stated that it had no position on the order of Mr. Baffert's testimony and encouraged counsel to resolve the issue, counsel was unable to work out their differences. The Court then permitted Defense counsel to continue with their presentation of the case with their exam of Mr. Baffert and Plaintiff then cross-examined Mr. Baffert with the Court's leave to go outside the scope of direct examination.

The Court being otherwise sufficiently advised; **IT IS ORDERED** as follows:

(1)     The motion to allocate time during the hearing [DE 61] is **DENIED AS MOOT**.

(2)     The matter stands submitted before the Court for ruling on Plaintiffs' Renewed

Motion for Preliminary Injunction [DE 41] and Defendants' Motion to Dismiss [DE 36].

Rebecca Grady Jennings, District Judge
United States District Court

February 7, 2023

Copies to:  Counsel

Court Time:  2/2/2023- 03/40- Contested, 2/3/2023- 03/50- Contested

Court Reporter:  April Dowell